05-6566-cv
Rivkin v. Century 21 Teran Realty LLC

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

------------

August Term 2006

Argued: March 27, 2007             Decided: July 23, 2008

(Question certified to New York Court of Appeals: July 12, 2007.
Question answered by New York Court of Appeals: April 24, 2008.)

Docket No. 05-6566-cv

----------------------------------------------------X

OLEG RIVKIN,

                  *Plaintiff-Appellant,*

        - against -

CENTURY 21 TERAN REALTY LLC, ANDREW PECK, CHLOE DRESSER and JOSHUA LUBORSKY,

                  *Defendants-Appellees,*

SUSANNE MARTIN and ROBERT MARTIN,

                  *Defendants.*

----------------------------------------------------X

      Before:    FEINBERG, SOTOMAYOR and KATZMANN, Circuit Judges.

Plaintiff-Appellant Oleg Rivkin appeals from an oral decision and order of the United States District Court for the Northern District of New York (Sharpe, J.) granting Defendants-Appellees' motion for summary judgment and dismissing all of Rivkin's claims. This Court certified to the New York Court of Appeals the question whether Defendants-Appellees, acting as buyer's agents, breached a fiduciary duty to Plaintiff-Appellant by failing to

disclose the representation of a competing bidder for the property Plaintiff-Appellant sought to purchase. The Court of Appeals having answered that question in the negative, the decision of the district court is now affirmed.

ROBERT J. TOLCHIN, New York, NY, for Plaintiff-Appellant.

STEPHEN H. VOLKHEIMER, Hiscock & Barclay, LLP, Albany, NY, for Defendants-Appellees.

FEINBERG, Circuit Judge:

Plaintiff-Appellant Oleg Rivkin appeals from an oral decision and order of the United States District Court for the Northern District of New York (Sharpe, J.). The district court (1) granted summary judgment to Defendants-Appellees Century 21 Teran Realty LLC (hereafter "Teran"), its owners, Andrew Peck and Chloe Dresser, and Joshua Luborsky, a real estate broker associated with Teran, and (2) dismissed Rivkin's complaint. Plaintiff-Appellant argues that we should reverse the district court and remand. We assume the parties' familiarity with the underlying facts and procedural history of this case, as set forth in our prior opinion, see Rivkin v. Century 21 Teran Realty LLC, 494 F.3d 99, 100-103 (2d Cir. 2007) ("Rivkin I").

In July 2007, we decided in Rivkin I that this case raised a significant issue of New York law regarding the nature of the fiduciary duty a real estate buyer's agent owes to the buyer. Since the issue had public policy implications for the State of

-2-

New York and there was no direct state law precedent on that question, we certified to the New York Court of Appeals the following question: "Did any or all of Defendants-Appellees breach a fiduciary duty to Plaintiff-Appellant Rivkin by failing to disclose, in any form, Defendants-Appellees' representation of a competing buyer for the property Rivkin sought to buy?" Id. at 108.

The New York Court of Appeals accepted certification and in a unanimous opinion, filed in April 2008, answered the certified question "in the negative." See Rivkin v. Century 21 Teran Realty LLC, 10 N.Y.3d 344, 357 (2008) ("Rivkin II"). The Court of Appeals upheld a buyer's agent's duties of "undivided loyalty . . . [and] full disclosure" owed to the buyer under the common law of agency, id. at 355 (quoting Real Property Law § 443(3)(c) & (4)(a)), but the court ruled that only "the buyer's individual agent" is subject to these fiduciary duties -- not "the agent's firm," id. at 356 (emphasis in the original). The court reasoned that, when two or more real estate brokers, affiliated with the same firm, represent different bidders on the same property, they "have every reason to negotiate in their clients' best interest," consistent with their fiduciary duties, because they "only earn commissions for sales to their own clients." Id. Therefore, although the court acknowledged that "[a]n individual agent . . . may not represent multiple buyers bidding on the same property

-3-

without making disclosure and obtaining consent" from the multiple prospective buyers involved, id. at 357, it concluded that "unless a real estate brokerage firm and principal specifically agree otherwise, the firm is not obligated to insure that its affiliated licensees forgo making offers on behalf of other buyers for property on which the principal has already bid." Id. at 356. It was clear from the record that Rivkin's individual agent (Luborsky) did not represent multiple buyers in the transaction, thus fully complying with his duties to Plaintiff-Appellant. Id. at 350-51.

Thereafter, we gave the parties an opportunity to comment in letter briefs on the opinion in Rivkin II. Plaintiff-Appellant, in his letter-brief, argued that we should still reverse the district court's ruling and remand. He claimed that, even though Teran owed him no fiduciary duty of loyalty and full disclosure under New York law, as defined by the New York Court of Appeals in Rivkin II, Teran had assumed such duties by contract. In Plaintiff-Appellant's view, Rivkin II did not address his theory of a contract-based fiduciary relationship between Teran and himself. Consequently, Plaintiff-Appellant argues, the New York Court of Appeals' opinion is not dispositive of all the issues on appeal. Plaintiff-Appellant reiterates his claim, originally made to us in his appeal from the district court, that apart from the legal duties to which Teran's

-4-

employees are subject on an individual basis a number of circumstances in this case indicate the existence of a contractually-created fiduciary duty of loyalty and disclosure owed by Teran itself.[1] At the very least, Plaintiff-Appellant urges us to find that triable issues of fact remained as to the existence and scope of such a contractually-created duty, warranting reversal of the district judge's grant of summary judgment for Defendant-Appellees.

We are unpersuaded by Plaintiff-Appellant's arguments before us now and decline his invitation to remand the case to the district court. We remind Plaintiff-Appellant that the certified question specifically asked whether "any or all of Defendants-Appellees breach[ed] a fiduciary duty to Rivkin." Rivkin I, 494 F.3d at 108 (emphasis added). Our framing the question in this broad manner allowed the Court of Appeals to explore different theories pursuant to which a fiduciary relationship might have existed under the facts of the case. When certifying, we explicitly stated that "the certified question may be deemed expanded to cover any further pertinent question of New

---

[1] In his original brief to us, Plaintiff-Appellant raised the issue of the voluntary assumption by Teran of fiduciary duties by agreement. We note that his brief, as well as the entire record of the case filed with this Court, was transmitted to the New York Court of Appeals, along with our certification opinion. See Rivkin I, 494 F.3d at 108. The New York Court of Appeals was therefore aware of the parties' arguments to this Court leading to our decision in Rivkin I. If Plaintiff-Appellant had any doubts about the completeness of the New York Court of Appeals' review of his arguments, he could certainly have petitioned that court for a rehearing of the case, but apparently did not do so.

York law involved in this appeal that the Court of Appeals chooses to answer." Id. In the end, that court clearly answered the certified question in the negative, thus finding that Teran (1) had *no* fiduciary duty to Rivkin; and (2) did not commit any fiduciary breach by failing to disclose the representation by a different agent of the firm of a competing buyer for the property Rivkin sought to buy. Rivkin II, 10 N.Y.3d at 357.

The New York Court of Appeals expressly recognized that there could be an agreement between a real estate brokerage firm and a prospective buyer, through which the firm could undertake fiduciary duties otherwise not imposed by law. Id. at 356 ("unless a real estate brokerage firm and principal specifically agree otherwise, the firm is not obligated to insure that its affiliated licensees forgo making offers on behalf of other buyers")(emphasis added). The New York Court of Appeals also took into account and quoted the statutorily-mandated terms of the disclosure form entitled "Disclosure Regarding Real Estate Agency Relationship" which Defendant Luborsky, as Rivkin's buyer's broker, presented to his client and which Rivkin himself signed. Rivkin II, 10 N.Y.3d at 353 (quoting former N.Y. Real Property Law § 443(4) which prescribed the content of the disclosure form). Accordingly, in deciding that there was no fiduciary breach by Teran, the court was obviously not satisfied that this form was tantamount to an agreement giving rise to contractual

duties not prescribed by the common law of agency. Rivkin additionally relies on the language in the Buyer Agency Agreement form published on Teran's website. But that model agreement, as Rivkin himself concedes, was never signed by either Luborsky or Rivkin; his reliance is, therefore, misplaced. Before responding to the certified question in the negative, the New York Court of Appeals assessed the parties' allegations against the factual record and in the most categorical terms concluded that Teran's conduct did not amount to violation of <u>any</u> duty, legal or contractual, owed to Rivkin.

We cannot revisit the conclusions of the New York Court of Appeals. Plaintiff asks us to disregard the decision of New York's highest court on a determinative substantive issue that requires us to interpret and apply New York law. This we cannot do. "[T]he interpretation placed by the highest court of the state upon its statutes is conclusive here." <u>Smiley v. Kansas</u>, 196 U.S. 447, 455 (1905).

For the foregoing reasons, we AFFIRM the ruling of the district court.